UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| FRANCIS MCGRATH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-06-24-B-W |
| | ) | |
| VALMET-APPLETON, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(c), Francis McGrath seeks to amend his Complaint to add AMEC Americas Ltd. (AAL) as an additional Defendant; AMEC PLC objects. Concluding that Mr. McGrath has satisfied the criteria of Rule 15(c), the Court grants the motion to amend.

## I.  STATEMENT OF FACTS

On October 17, 2005, Francis McGrath filed suit in Franklin County Superior Court against a number of defendants, alleging that he was injured on October 23, 1999 by an unguarded shear point in an elevator on a super calendar machine at International Paper Company in Jay, Maine. *Compl*. ¶¶ 7, 9 (Docket # 1). The Complaint asserts negligence, breach of warranty, and strict liability counts against each defendant. *Id*. ¶¶ 25, 28, 30-32. Mr. McGrath alleged that H.A. Simons was the engineering and construction management firm that designed and aided in the construction and installation of the super calendar machine, where he was injured, *id.* ¶ 11, and that AMEC PLC purchased AGRA, Canada, a Canadian corporation, which had purchased H.A. Simons, Ltd., in or around 1999. *Id.* ¶ 17. The cause of action was removed to this Court on February 23, 2006, based on diversity jurisdiction. *Notice of Removal* (Docket # 1).

Mr. McGrath seeks to add AAL as a defendant.  He states that "[b]y information and belief AAL is a wholly-owned subsidiary of AMEC PLC" and "[g]iven the extraordinarily complex corporate history of H.A. Simons," he has been unable to establish the "exact relationship" between them. *Pl.'s Mot. to Amend Compl.* at 1-2 (Docket # 30)(*Pl.'s Mot.*).  He argues that no prejudice will ensue to AAL if it is made a defendant, and "justice requires" that it be added as a defendant, as the parties engage in discovery to determine the exact relationship among the parties and whether AMEC PLC, AAL, or both of them should remain as defendants.  *Id.* at 2.

AMEC PLC objects.  AMEC PLC argues that Mr. McGrath failed to meet the requirements of Rule 15(c) on two grounds:  1) Maine's six year statute of limitations expired on October 23, 2005 within one week of the filing of the cause of action, *see* 14 M.R.S.A. § 752 and Mr. McGrath failed to meet the state civil rule requirement of service under Me. R. Civ. P. 3 of service of process on AAL within 90 days of the date of the filing of the Complaint; and, 2) the addition of a new party – as opposed to rectifying a mistake in the exact identity of the party - is outside the scope of Rule 15(c).  *Def.'s Mem. In Opp'n to Pl.'s Mot. to Amend Compl.* at 2-7 (Docket # 31) (*Def.'s Mem.*).

The parties' positions center around whether the amended pleading "relates back" under Rule 15(c) to the date the Complaint was filed.  If the amended pleading relates back, there is no statute of limitations defense, since the Complaint was filed before the six year statute of limitations expired; if the amended pleading does not relate back, the six year statute of limitations may bar suit.

## II. DISCUSSION

### A. Rule 15(c)

Fed. R. Civ. P. 15(c) provides:

2

> An amendment of a pleading relates back to the date of the original pleading when…
> (2) the claim…asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits; and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Rule 15(c) was amended in 1991 to "prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense." Fed. R. Civ. P. 15, advisory committee notes (1991).

> An amended complaint will relate back to the filing of an original complaint only if:
>
> 1) the claim asserted in the amended compliant arises out of the same conduct, transaction, or occurrence set forth . . . in the original pleading;
>
> 2) the party being added by the amendment received notice of the institution of the action within the time period specified in Federal Rule 4(m) . . . and that new party will not be prejudiced in maintaining a defense on the merits; and,
>
> 3) the party being added to the litigation knew or should have known that the action would have been brought against him or her but for a mistake as to the identity of the proper party.

Fed. R. Civ. P 15(c); *Leonard v. Parry*, 219 F.3d 25, 28 (1st Cir. 2000); *Cholopy v. City of Providence*, 228 F.R.D. 412, 415 (D.R.I. 2005). Here, the claim asserted in the amended complaint arises out of the same conduct, transaction, or occurrence set forth in the original pleading. The first requirement is met.

The second requirement is that the party being added receives adequate notice "within the time period specified in Federal Rule 4(m)." Fed. R. Civ. P. 15(c); *Cholopy*, 228 F.R.D. at 416. Here, the Defendant concedes that the timing was such that if the matter had been initiated in federal court, the relation back would be allowed. *Def.'s Mem.* at 5. Instead, Defendant makes the imaginative argument that the Maine Rules of Civil Procedure should apply because, when the operative events took place, the case was pending in state court, and that if state rules are applied, the state ordered extensions of time violated the state rule because under Maine Rule 3, no extensions are allowed. *Id.* at 5-6. The net effect of this cascade of logic, according to the Defendant, is that service was made beyond the required time period and, therefore, the new pleading cannot relate back and the motion to amend should be denied.

Defendant is plainly incorrect on both points. The Maine Rules of Civil Procedure do not apply in federal court, particularly to Federal Rule 15(c), since Rule 15(c) expressly references the federal rules to determine when service was completed. Fed. R. Civ. P. 15(c)("within the period provided by Rule 4(m)"). Conversely, Rule 15(c) does not refer the Court to the applicable state rules. Second, even under the Maine Rules of Civil Procedure, Defendant's argument fails, because it ignores Rule 6(b) of the Maine Rules of Civil Procedure, which permits a court to enlarge the time an act is required or allowed to be done. Me. R. Civ. P. 6(b).

The third requirement is "knowledge of a mistake in identity." *Leonard*, 219 F.3d at 28. To cross this hurdle, the amendment's proponent must show "not only that he made a mistake anent the proper party's identity, but also that the later-named party, within the prescribed time limit, knew or should have known that, but for this mistake, the action would have been brought against her." *Id.* "Mistake" in this context means "a wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention." *Id.* Further, *Leonard* explained that

4

"the language of Rule 15(c)(3) does not distinguish among types of mistakes concerning identity. Properly construed, the rule encompasses both mistakes that were easily avoidable and those that were serendipitous." *Id.* Mindful of *Leonard*, the Court concludes that the Plaintiff has provided a sufficient basis to demonstrate that a mistake may have been made at the outset, due to the fact that "H.A. Simons has changed its name or been amalgamated into other corporations some thirteen times" and "AAL is a wholly-owned subsidiary of AMEC PLC." *Pl.'s Mot.* at 1.

Defendant has one last arrow in his quiver. Defendant contends that Rule 15(c) "must seek to <u>change</u> the party or <u>name</u> the proper party" and not to "add an additional party." *Def.'s Mem.* at 6, 7 (emphasis in original). There is, however, a difference between a strategic decision and a mistake. *See Rogatz v. Hosp. Gen. San Carlos, Inc.*, 89 F.R.D. 298, 300-01 (D.P.R. 1980). Rule 15(c) is not a failsafe for rued tactical judgments. But, here, the issue is a lingering question of the identity of the potentially responsible party. The Plaintiff is seeking to sue the entity, be it AMEC PLC or AAL, which assumed legal responsibility for H.A. Simons. To add a party in these circumstances is consistent with the underlying purpose of the Rule.[1] *See* Rebecca S. Engrav, *Relation Back of Amendments Naming Previously Unnamed Defendants Under Federal Rule of Civil Procedure 15(c)*, 89 Calif. L. Rev. 1549, 1568-70 (2001).

### III.  CONCLUSION

The Court GRANTS Plaintiff's Motion to Amend Complaint (Docket # 30).

---

[1] The parties assume that 14 M.R.S.A. § 752's six year statute of limitations applies and, therefore, that it matters whether the amended pleading relates back. The Court is not sure. The Plaintiff alleges that H.A. Simons was both an engineering and construction firm and acted in dual capacities. Maine has a special statute of limitations covering professional engineers. 14 M.R.S.A. § 752-A. If § 752-A applies, it is unclear how it would apply to a mixed entity. *See Bangor Water Dist. v. Malcolm Pirnie Eng'rs*, 534 A.2d 1326, 1328, n.1 (Me. 1988). Further, § 752-A addresses malpractice or professional negligence and, although Count I of the Complaint alleges negligence, Counts II and III allege breach of warranty and strict liability, respectively. It also remains unclear whether § 752-A applies to causes of action which, although not expressed as professional negligence, may be premised on it. Since these issues were not raised, the Court is not prepared to rule on them.

SO ORDERED.

              <u>/s/ John A. Woodcock, Jr.</u>
              JOHN A. WOODCOCK, JR.
              UNITED STATES DISTRICT JUDGE

Dated this 13th day of September, 2006